UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NANCY LOPEZ-BAEZ | CIVIL NO. # |
| *Plaintiff* | |
| Vs. | TRIAL BY JURY IS DEMANDED |
| CARMEN MELENDEZ; AND HER INSURER ZURICH INSURANCE COMPANY; UNKNOWN DEFENDANTS OR THOSE DEFENDANTS WHOSE IDENTITY OR EXISTENCE IS UNKNOWN "A" TO "Z" | |
| *Defendants* | |

## ***COMPLAINT***

**TO THE HONORABLE COURT:**

NOW COME plaintiff, represented by the undersigned attorneys, and respectfully state, allege and pray:

**I. JURISDICTION**

This Honorable Court has subject matter jurisdiction over the claims in this complaint based on diversity of citizenship, since plaintiff Nancy López-Báez is domiciled in the State of Washington, United States of America, defendant Carmen Meléndez is a natural person who its domiciled in the Commonwealth of Puerto Rico, and co-defendant Zurich Insurance Company is a legal entity who is incorporated and has its principal place of business in Switzerland, with the

matter in controversy exceeding the jurisdictional amount of $75,000.00, all pursuant to 28 U.S.C. § 1332.

**II. PARTIES**

1. Plaintiff Nancy López-Báez is of legal age, and is domiciled in the State of Washington, USA.

2. Defendant Carmen Meléndez is a natural person domiciled in the Commonwealth of Puerto Rico, who owned a property in the Municipality of Dorado, Puerto Rico, and rented it to plaintiff, via the Airbnb virtual platform.

3. Defendant Zurich Insurance Company is a legal entity and insurer who is incorporated and has its principal place of business in Switzerland, and who issued a policy covering the incident alleged in this complaint for Carmen Meléndez, subject to its terms and limitations.

4. Co-defendants "A"-"Z" are all parties unknown, or whose identities are unknown at this time, who are liable for plaintiff's damages (including but not limited to owners and operators of the area of the accident, its lessors, lessees, virtual platform owners and operators, maintenance entities, subsidiaries, parent corporations, contractors) due to any negligent acts and omissions, and breaches of their duty of care to prevent accidents like the one suffered by Mrs. López, including under the economic benefit doctrine. Additionally, these parties include any insurer for any unknown parties, or parties whose identities are unknown, who are responsible to plaintiff pursuant to any insurance policy in effect at all times pertinent.

### III. FACTS AND LIABILITY

1. On August 13th, 2022, 48 year old plaintiff Ms. Nancy López Báez was staying as a guest in a property owned by defendant Carmen Meléndez at the Municipality of Dorado, near Nikita Beach.

2. This property was rented by plaintiff from defendant Ms. Meléndez through a virtual platform owned and operated by AirBnb Inc.

3. AirBnb's rental platform promotes and secures the rental of short-term homestays and experiences to third parties, and connects lessors with potential lessees.

4. The subject rental property was near Kikita Beach and was rented for vacation purposes.

5. The subject property had a lawn area.

6. The subject property had a sewer drain on its lawn, which had a small metal cover on it. Below the metal cover, a sewer tube, or similar duct, ran underground.

7. The metal cover of the sewer drain, and its base, were rusty and broken.

8. There were no warnings about the existence of this sewer drain in the lawn, the condition of its covering, or any other warning.

9. On the date in question, plaintiff Nancy López was walking on the property's lawn. As Ms. López was walking, she stepped on the small metal cover of the drain. The rusty and broken metal cover gave way, causing plaintiff's left foot and ankle to be trapped by the sewer hole, and this made her fall. As a result of this accident, plaintiff suffered severe physical damages, including fractures, which required corrective surgeries and the placement of fixed metal implants.

10. Plaintiff had to spend months in a wheelchair and using crutches as she was in rehabilitation for her injuries, and on November 16th, 2022, she suffered a second fall accident, in which she suffered the fracture of her left tibia bone, and the right humerus bone in her arm. This second accident was caused due to the weakness in plaintiff's left leg, and therefore, was a direct sequelae of her August 13th, 2022 accident at the rented property in question.

11. The adequate cause of plaintiff's accidents and damages was the negligence of defendant Carmen Melendez, who rented the subject property with a dangerous condition in it (i.e., the rusty, broken metal covering and base of the sewer), while providing no warnings or precautionary methods to prevent her terrible accident. Considering these negligent acts and omissions, and any other presently unknown or unconfirmed, defendant and her co-defendant insurer Zurich Insurance Company, and the unknown defendants and/or defendants whose identity is unknown, must legally compensate plaintiff for all her resulting damages.

IV.  DAMAGES

1. As a consequence of the negligence of defendant Ms. Carmen Meléndez, plaintiff Mrs. Nancy López-Báez, suffered grave and permanent physical damages, which include, but are not limited to: a triple fracture of her ankle, with required an orthopedic surgery, with the placement of 10 screws and a plate, a laceration in her leg, and traumas and pains in her back and right arm. Ms. López was spent about a month in a wheelchair, and eventually also used crutches. Due to her second accident, Ms. López suffered the fracture of her left tibia bone, and the right humerus bone in her arm. Since the month of November, 2022, Ms. López has been living in a rehabilitation home as she heals, to whatever extent possible, of her painful, life

altering injuries. These catastrophic damages are estimated in $5,000,000.00, and their compensation is specifically requested from defendants.

2. As a consequence of the negligence of defendant Ms. Maldonado, plaintiff Ms. López-Báez has suffered terrible emotional pain and suffering, because her life has been forever and negatively changed through permanent impairments that affect the activities of her daily life, and significantly reduce her ability to enjoy her life. These damages are presently estimated in $3,000,000.00, and their compensation is specifically demanded from defendants.

3. As a consequence of the negligence of defendant Ms. Maldonado, plaintiff Ms. López-Báez has suffered considerable economic losses, which include loss of income, since she has never been able to return to her job at an Amazon Warehouse, and she has incurred in out-of-pocket expenses to cover her medical treatments, medicines and devices. These damages are presently estimated in approximately $17,000.00, and their compensation is specifically demanded from defendants.

4. Defendants are legally responsible for plaintiff' damages joint and severally, and must therefore compensate them. Plaintiff specifically demand the compensation of all the damages described above, which were adequately caused by Ms. Carmen Meléndez' negligence.

5. Given that defendant acted with gross negligence and grave disregard for life and safety, by creating a highly preventable danger that could have been avoided, she and co-defendant insurer must also pay punitive damages to plaintiff, as prescribed by Puerto Rico tort law, under Article 1538 of the Puerto Rico Civil Code.

**V. JURY DEMAND**

Plaintiff demand a trial by jury as to all claims and issues alleged and so triable.

***WHEREFORE,*** it is respectfully prayed from this Honorable Court that judgment be entered against all defendants and for plaintiff in the amount of $8,017,000.00, plus punitive damages, as compensation for their respective damages, with the imposition of costs and expenses of this litigation, reasonable attorney fees and legal interests since the date of the filing of the complaint.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date, I copied all counsel with a true copy of this document using the CM/ECF system.

AT SAN JUAN, PUERTO RICO, ON THIS 25th DAY OF JANUARY, 2022.

*S/JAIME F. AGRAIT LLADÓ*
USDC No. 207012
**AGRAIT-LLADÓ LAW FIRM L.L.C.**
PO Box 195193
San Juan, PR 00919-5193
Tel. (787) 753-7130/753-7142/753-7143
Fax. (787) 763-1594
E-mails: jfagraitlaw@aol.com